IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN WEVODAU,** | : | **Civil No. 1:16-CV-0743** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, OFFICE OF THE** | : | |
| **ATTORNEY GENERAL and** | : | |
| **KATHLEEN KANE, individually and** | : | |
| **in her official capacity,** | : | |
| | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

In this employment action, Plaintiff alleges that Defendants retaliated against him in violation of the Pennsylvania Whistleblower Act and Family Medical Leave Act by placing him on involuntary paid administrative leave when he attempted to return to work after taking permitted medical leave. On January 4, 2017, the court dismissed Plaintiff's claim under the Family Medical Leave Act and remanded this matter to the Commonwealth Court of Pennsylvania. Presently before the court is Plaintiff's motion for reconsideration as to the dismissal of his Family Medical Leave Act claim. (Doc. 23.) For the following reasons, Plaintiff's motion will be denied.

I.    **Background**

The court writes primarily for the parties, and because they are familiar with the facts as discussed in the court's memorandum and order of January 4, 2017, *see Wevodau v. Commonwealth*, Civ. No. 16-cv-0743, 2017 WL 36395 (M.D. Pa. Jan. 4, 2017), the court will set forth only the factual and procedural history pertinent to the instant motion.

A.    **Relevant Factual Background and Procedural History**

Plaintiff, a former FBI agent, began working for Defendant Commonwealth of Pennsylvania ("the Commonwealth") as a Special Agent in Charge of the Bureau of Criminal Investigations for the Office of the Attorney General of Pennsylvania in approximately January 2013. During his employment with the Commonwealth, Defendant Kathleen Kane ("Defendant Kane," and, together with the Commonwealth, "Defendants") served as the Attorney General. According to the amended complaint, within a few months of working for Defendants, Defendant Kane accused Plaintiff of being a "mole for the FBI" and of monitoring her activities, even though such was not true.

In early 2014, despite evidence of wrongdoing, Defendant Kane allegedly cancelled a planned sting operation involving public corruption of certain Philadelphia government officials and state legislatures in order to maintain and gain political allies. Although Defendant Kane refused to bring charges based on

the evidence collected in the investigation leading up to the aborted sting operation, the Philadelphia District Attorney reviewed the evidence and subsequently approved the prosecution of several individuals.

In November 2014, Plaintiff met with a Montgomery County Special Prosecutor regarding an investigation into Defendant Kane herself, and later testified before a grand jury. On April 16, 2015, an undercover agent involved in the attempted sting operation filed a defamation suit against both Defendant Kane and Plaintiff related to Defendant Kane's statements that the operation involved racial targeting, statements that Defendant Kane attributed to Plaintiff. Plaintiff requested separate legal counsel for the suit, stating that his interests were not aligned with Defendant Kane's and that he intended to expose her false statements. In May 2015, a newspaper article was published which stated that Plaintiff had reported the falsity of Defendant Kane's assertions about the sting operation, and Plaintiff alleges that Defendant Kane received discovery shortly thereafter that both identified Plaintiff as a witness in a criminal trial against her related to the sting operation and detailed his grand jury testimony.

On June 19, 2015, Defendant Kane directed Plaintiff to visit her at her residence after business hours. Plaintiff alleges that Defendant Kane told him that he was a "cancer" to the Office of the Attorney General, was the leak for all negative press about the office, and threatened that his reputation could be ruined

and his family lost if he did not resign from his position. Plaintiff refused to resign, and again testified before a grand jury for the Philadelphia District Attorney's office related to the sting operation and Defendant Kane's efforts to threaten and intimidate potential witnesses.

On June 22, 2015, Plaintiff applied for a twelve-week leave of absence under the Family Medical Leave Act ("FMLA") for personal health issues, which Defendants approved. After the expiration of the FMLA leave period, on or about October 22, 2015, Plaintiff attempted to return to work, but was told by Defendants that he would first need a fitness for duty evaluation. Plaintiff alleges that he agreed to the evaluation, but Defendants never responded to his inquiries regarding what exactly he needed to do to complete it, and that Defendants have since maintained that Plaintiff is on an administrative leave, but have given no reason for the administrative leave or a date upon which it will expire. As of the filing of the amended complaint, Plaintiff had been on administrative leave for approximately eight months and counting, despite having been previously medically cleared to return to work. Plaintiff alleges that Defendants placed him on administrative leave and refused to allow him to return to work in retaliation for him exercising his right to FMLA leave and for testifying against Defendant Kane regarding the sting operation.

On January 4, 2017, the court granted Defendants' motion to dismiss Plaintiff's FMLA claim, finding that it failed as a matter of law because Plaintiff did not attempt to return to work at the expiration of the twelve weeks of leave. (*See* Docs. 21 & 22.) Presently before the court is Plaintiff's motion to reconsider (Doc. 23), which has been fully briefed (Docs. 24, 25, 27) and is ripe for disposition.

## II.   <u>Legal Standard</u>

Plaintiff has moved, pursuant to Federal Rule of Civil Procedure 59(e), for the court to reconsider its dismissal of his FMLA claim. Motions for reconsideration serve primarily to correct manifest errors of law or fact in a prior decision of the court. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration may also be appropriate in instances "where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an

error not of reasoning but of apprehension." *Reaves v. Pa. State Police*, Civ. No. 09-cv-2549, 2014 WL 486741, *3 (M.D. Pa. Feb. 6, 2014) (quoting *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. No. 05-cv-1148, 2006 WL 529044, *2 (M.D. Pa. Mar. 3, 2006) (citing *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

## III.   Discussion

Plaintiff argues that the court made an error of law in dismissing Plaintiff's FMLA retaliation claim for not returning to work at the end of the twelve weeks of leave, because the strict twelve week requirement only applies to FMLA interference claims. Defendants argue that, even if Plaintiff could maintain his claim after exceeding his FMLA leave, the court should still dismiss his claim

because he failed to plead facts to support a plausible finding that the adverse employment action he suffered was caused by his decision to take FMLA leave.[1]

As an initial matter, the court agrees with Plaintiff that, within the Third Circuit, retaliation claims under the FMLA do not fail as a matter of law where a claimant has exceeded twelve weeks of leave. *See Lupyan v. Corinthian Colls. Inc.*, 761 F.3d 314, 324-25 (3d Cir. 2014) ("The nature of retaliation claims distinctly focuses on the employer's conduct and motivations for termination. Therefore, an employee is not precluded—as a matter of law—from bringing a retaliation claim simply because she exceeded the twelve-week FMLA entitlement."). The case law discussing FMLA claims often does not distinguish between claims sounding in interference and those based on retaliation, and both types of claims typically involve a plaintiff being denied reinstatement to employment after taking FMLA leave. Furthermore, at least one other circuit has

---

[1] Defendants also advance two other arguments: 1) that Plaintiff has waived his argument that the twelve-week requirement does not apply to retaliation claims under the FMLA because he did not raise it in his brief in opposition to the motion to dismiss; and 2) that Defendant Kane would be entitled to qualified immunity even if Plaintiff had stated a claim. As to waiver, the application of the twelve-week requirement to interference versus retaliation claims under the FMLA was not before the court for the motion to dismiss. Thus, the court rejects Defendants' waiver argument and will instead resolve the motion for reconsideration on the merits.

Second, while the court need not reach the issue of qualified immunity because it finds, *supra*, that Plaintiff has failed to plead the necessary causation for his retaliation claim, the court nonetheless notes that Defendant Kane would likely not be entitled to qualified immunity because the question of whether placing an employee on paid administrative leave constitutes an adverse employment action is not clearly established, but rather must be determined based on the specific facts surrounding the leave. *See Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009) (holding that paid administrative leave *may* constitute an adverse employment action "depending on the circumstances").

held that the strict twelve-week requirement does apply to retaliation claims under the FMLA. *See Davis v. Postmaster Gen.*, 550 F. App'x 777, 780 (11th Cir. 2013). Nonetheless, the Third Circuit's jurisprudence on the matter is clearly stated in *Lupyan*, and this court accordingly finds that it erred as a matter of law in dismissing Plaintiff's FMLA retaliation claim due to him exceeding the allotted twelve weeks of leave. The court did not address Defendants' causation argument in its first memorandum regarding the motion to dismiss, and thus, will turn to that argument now.

Defendants argue that Plaintiff has failed to state an FMLA retaliation claim because he has not pleaded facts to support his allegation that his placement on paid administrative leave was causally related to his FMLA leave. (*See* Doc. 18, pp. 8-9 of 16.) Plaintiff argues in response that the timing of his placement on administrative leave is sufficient to show a causal link to his decision to take FMLA leave, and, further, that he is not required to establish a *prima facie* retaliation claim at the motion to dismiss stage. (*See* Doc. 19, pp. 10-13 of 17.)

While Plaintiff's amended complaint is replete with facts that support his whistleblower claim, such as Defendant Kane's threats after she became aware of his grand jury testimony against her, the only pleaded fact to support his FMLA retaliation claim is a statement in the complaint that, "in addition to his whistleblowing activities, Plaintiff also believes that Defendants have retaliated

[against] him for availing himself of his legal protection to leave under the FMLA." (Doc. 13, ¶ 56.) It is well-settled that a complaint fails to state a claim for relief where it merely recites the elements of a cause of action and provides no supporting factual allegations. *See, e.g.*, *Minielly v. Acme Cryogenics, Inc.*, Civ. No. 15-cv-6164, 2016 WL 1221640, *7 (E.D. Pa. Mar. 28, 2016) (stating that "where information and belief averments are merely a formulaic recitation of the elements of a cause of action . . . [r]eliance by [Plaintiff] on information and belief cannot transform legal conclusions into plausible factual allegations.") (citations and quotation marks omitted) (alterations in original); *McClure v. Comm'r Jeffrey T. Haste*, Civ. No. 14-cv-2249, 2016 WL 695111, *1 n.4 (M.D. Pa. Feb. 19, 2016) (reciting principle that "upon information and belief" averments are insufficient under the *Twombly/Iqbal* pleading standard unless, *inter alia*, the "belief is based on factual information that makes the inference of culpability plausible") (citation and quotation marks omitted).

Plaintiff's argument in response to the motion to dismiss, that the timing of the administrative leave in relation to his taking FMLA leave is enough to establish causation, is unavailing based on the facts pleaded in the complaint. "Although temporal proximity between the protected activity and the adverse act alone can be sufficient to establish a causal link, 'the timing of the alleged retaliatory action must be unusually suggestive of retaliatory motive before a causal link will be

inferred.'" *Karaffa v. Montgomery Twp.*, Civ. No. 12-cv-1184, 2013 WL 1157626, *7 (E.D. Pa. Mar. 21, 2013) (quoting *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004)). Here, Plaintiff was placed on the administrative leave five weeks after his FMLA leave had expired. Courts have routinely rejected similar amounts of time as not unduly suggestive of a retaliatory motive. *See, e.g.*, *Williams*, 380 F.3d at 760 (holding that temporal proximity of just over two months was not enough to establish causation); *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (holding a temporal proximity of approximately three weeks could not raise issue of material fact as to causation in a retaliation claim). While Plaintiff emphasizes that many of the cases finding a lack of causation for FMLA retaliation claims had proceeded to the summary judgment stage, which is the appropriate stage to examine whether a *prima facie* retaliation claim has been established, there are simply no facts pleaded in the complaint from which the court, even at this early stage of the litigation, can plausibly infer causation. The complaint states that Plaintiff received his FMLA leave without issue upon request, exercised the full twelve weeks, and even received an additional five weeks of non-FMLA leave. The only inference that can be drawn from these facts is that Defendants did not want Plaintiff to return to work due to his whistleblowing activity, and were more than happy for him to continue on any type of leave available, including the current paid administrative leave. The lone

statement in the complaint that Plaintiff believes Defendants retaliated against him for taking FMLA leave simply does not meet the *Twombly/Iqbal* pleading standard. Thus, the court finds that Plaintiff has failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), and his FMLA retaliation claim must be dismissed.

## IV.   <u>Conclusion</u>

For the reasons stated herein, the court finds once again that Plaintiff has failed to state a claim upon which relief can be granted pursuant to the FMLA, and, accordingly, Count II of the amended complaint will remain dismissed. While the court was in error in its original memorandum dismissing the complaint, the complaint must be dismissed based on Plaintiff's failure to sufficiently plead the causation element of his FMLA retaliation claim. Accordingly, Plaintiff's motion for reconsideration will be denied.

An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: February 10, 2017

11