IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN WEVODAU,** | : | Civil No. 1:16-CV-0743 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA, OFFICE OF THE ATTORNEY GENERAL** and **KATHLEEN KANE, individually and in her official capacity,** | : : : : : : | |
| | : | |
| Defendants. | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

In this employment action, Plaintiff alleges that Defendants retaliated against him in violation of the Pennsylvania Whistleblower Act and Family Medical Leave Act by placing him on involuntary paid administrative leave when he attempted to return to work after taking permitted medical leave. On January 4, 2017, the court dismissed Plaintiff's claim under the Family Medical Leave Act and remanded this matter to the Commonwealth Court of Pennsylvania. Presently before the court is Plaintiff's motion for reconsideration as to the dismissal of his Family Medical Leave Act claim and request for leave to amend the complaint. (Doc. 23.) For the following reasons, Plaintiff's motion will be denied.

## I. Background

The court writes primarily for the parties, and because they are familiar with the facts as discussed in the court's memorandum and order of January 4, 2017, *see Wevodau v. Commonwealth*, Civ. No. 16-cv-0743, 2017 WL 36395 (M.D. Pa. Jan. 4, 2017), the court will set forth only the factual and procedural history pertinent to the instant motion.

### A. Relevant Factual Background and Procedural History

Plaintiff, a former FBI agent, began working for Defendant Commonwealth of Pennsylvania ("the Commonwealth") as a Special Agent in Charge of the Bureau of Criminal Investigations for the Office of the Attorney General of Pennsylvania in approximately January 2013. During his employment with the Commonwealth, Defendant Kathleen Kane ("Defendant Kane," and, together with the Commonwealth, "Defendants") served as the Attorney General. According to the amended complaint, within a few months of working for Defendants, Defendant Kane accused Plaintiff of being a "mole for the FBI" and of monitoring her activities, even though such was not true.

In November 2014, Plaintiff met with a Montgomery County Special Prosecutor regarding an investigation into Defendant Kane regarding her refusal to carry out a sting operation or pursue corruption charges against several Philadelphia government officials and state legislatures, and Plaintiff later testified

before a grand jury. On April 16, 2015, an undercover agent involved in the attempted sting operation filed a defamation suit against both Defendant Kane and Plaintiff related to Defendant Kane's statements that the operation involved racial targeting, statements that Defendant Kane attributed to Plaintiff. Plaintiff requested separate legal counsel for the suit, stating that his interests were not aligned with Defendant Kane's and that he intended to expose her false statements. In May 2015, a newspaper article was published which stated that Plaintiff had reported the falsity of Defendant Kane's assertions about the sting operation, and Plaintiff alleges that Defendant Kane received discovery shortly thereafter that both identified Plaintiff as a witness in a criminal trial against her related to the sting operation and detailed his grand jury testimony.

On June 19, 2015, Defendant Kane directed Plaintiff to visit her at her residence after business hours. Plaintiff alleges that Defendant Kane told him that he was a "cancer" to the Office of the Attorney General, was the leak for all negative press about the office, and threatened that his reputation could be ruined and his family lost if he did not resign from his position. Plaintiff refused to resign, and again testified before a grand jury for the Philadelphia District Attorney's Office related to the sting operation and Defendant Kane's efforts to threaten and intimidate potential witnesses.

On June 22, 2015, Plaintiff applied for a twelve-week leave of absence under the Family Medical Leave Act ("FMLA") for personal health issues, which Defendants approved. After the expiration of the FMLA leave period, on or about October 22, 2015, Plaintiff attempted to return to work, but was told by Defendants that he would first need a fitness for duty evaluation. Plaintiff alleges that he agreed to the evaluation, but Defendants never responded to his inquiries regarding what exactly he needed to do to complete it, and that Defendants have since maintained that Plaintiff is on an administrative leave, but have given no reason for the administrative leave or a date upon which it will expire. As of the filing of the amended complaint, Plaintiff had been on administrative leave for approximately eight months and counting, despite having been previously medically cleared to return to work. Plaintiff alleges that Defendants placed him on administrative leave and refused to allow him to return to work in retaliation for him exercising his right to FMLA leave and for testifying against Defendant Kane regarding the sting operation.

On February 10, 2017, the court granted Defendants' motion to dismiss Plaintiff's FMLA claim, finding that the complaint failed to state sufficient facts to show a plausible claim for relief. (*See* Docs. 28 & 29.) Presently before the court is Plaintiff's motion to reconsider and for leave to file an amended complaint (Doc. 30), which has been fully briefed (Docs. 31-33) and is ripe for disposition.

## II. Legal Standard

Plaintiff has moved for the court to reconsider its decision to dismiss Plaintiff's FMLA claim with prejudice. While the motion is titled as one for reconsideration, in substance it is a motion seeking leave to file an amended complaint. Generally, leave to amend a pleading pursuant to Federal Rule of Civil Procedure 15(a) should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court need not grant leave to amend in the presence of bad faith, undue delay, undue prejudice, or futility. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). Where "denial of leave to amend is based on 'futility,' it essentially means that a 'complaint, as amended, would fail to state a claim' for relief." *Dombroski v. J.P. Morgan Chase Bank, N.A.*, 513 F. App'x 212, 215 n.5 (3d Cir. 2013) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011)).

## III. Discussion

Plaintiff argues that the court made an error of law in dismissing Plaintiff's FMLA retaliation claim with prejudice, and seeks leave to amend.[1] Defendants contend that Plaintiff has already amended his complaint once, could have

---

[1] While Plaintiff contends that the court made an error of law when finding that the amended complaint did not contain sufficient factual allegations to support a plausible FMLA retaliation claim, the argument is merely a request that the court revisit its decision. "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Accordingly, Plaintiff's request for reconsideration will be denied.

5

amended it a second time in response to their previous motion to dismiss, and therefore allowing him to amend at this stage would be the result of undue delay. Defendants further contend that amendment would be futile because Plaintiff has once again failed to plead facts sufficient to support a plausible finding that the adverse employment action he suffered was caused by his decision to take FMLA leave.

### A. <u>Undue Delay</u>

A court is not required to allow for amendment of a pleading where there has been undue delay. *See, e.g.*, *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). Undue delay may be found where, as here, a plaintiff had prior opportunities to cure the deficiencies in the complaint, but chose not to do so. *See Krantz v. Prudential Invest. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.") (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir.1998)). Here, Plaintiff was put on notice in the form of Defendants' motion to dismiss that his amended complaint may not contain sufficient facts to support his FMLA claim, and Plaintiff had the opportunity at that point to file a second amended complaint to resolve any potential factual deficiencies. Instead, Plaintiff stood on the allegations in his amended complaint and filed a brief in

opposition to the motion to dismiss. Having already amended his complaint once, and then choosing not to amend a second time in the face of the motion to dismiss, Plaintiff has no entitlement to belatedly amend his complaint after the court decided that the factual allegations in his amended complaint were indeed insufficient. *See U.S. ex rel. Wheatley v. Eastwick Coll.*, 657 F. App'x 89, 97 (3d Cir. 2016) (finding that plaintiff was put on notice of complaint's deficiencies by motion to dismiss and denying leave to file an amended complaint); *see also Pino v. Carey*, Civ. No. 15-cv-1172, 2016 WL 8853269, *6 (M.D. Pa. Dec. 19, 2016) ("[W]here [the plaintiff] persists in renewing claims which have already been rejected as legally deficient, the proper exercise of this Court's discretion calls upon us to deny [the plaintiff] leave to further amend his complaint in this particularly feckless fashion."). Thus, it is well within the court's discretion to deny Plaintiff leave to amend based on undue delay.

### B. Futility

Even assuming, *arguendo*, that Plaintiff had timely submitted the proposed second amended complaint, the amendment would be futile because the second amended complaint does not contain sufficient facts to support Plaintiff's FMLA claim. As the court stated in response to Plaintiff's prior motion for reconsideration, Plaintiff's amended complaint relies only on the timing and fact of Defendants' refusal to allow Plaintiff to return to work following his leave, along

7

with Plaintiff's subjective belief "that Defendants have retaliated [against] him for availing himself of his legal protection to leave under the FMLA." (Doc. 13, ¶ 56.) The court found that these threadbare and conclusory allegations were not enough to support the maintenance of Plaintiff's FMLA claim, and nothing in the second amended complaint changes the court's decision.

The proposed second amended complaint states, as did the amended complaint, that Plaintiff received his FMLA leave without issue upon request, exercised the full twelve weeks, and received additional non-FMLA leave. As the court previously stated, "[t]he only inference that can be drawn from these facts is that Defendants did not want Plaintiff to return to work due to his whistleblowing activity, and were more than happy for him to continue on any type of leave available, including the current paid administrative leave." *Wevodau v. Pennsylvania*, Civ. No. 16-cv-0743, 2017 WL 551818, *4 (M.D. Pa. Feb. 10, 2017); s*ee also Doe v. Sizewise Rentals, LLC*, 530 F. App'x 171, 174 (3d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681-82 (2009)) (noting that a claim is not plausible where, after accepting the factual allegations as true, an "obvious alternative explanation" appears a "more likely" cause of the complained behavior than that which plaintiff asks the court to infer) (citation omitted). Thus, the court finds that Plaintiff's proposed second amended complaint fails to state a claim for

relief under Federal Rule of Civil Procedure 12(b)(6) with regard to his FMLA retaliation claim, and that amendment would be futile.

## IV. <u>Conclusion</u>

For the reasons stated herein, the court finds that Plaintiff has failed to provide any reason for the court to reconsider its dismissal of his FMLA claim, and the motion for reconsideration will be denied. Further, the court finds that Plaintiff has submitted his request for leave to amend the complaint for a second time after undue delay and that, nonetheless, amendment would be futile. Accordingly, Plaintiff's request for leave to amend the complaint will be denied.

An appropriate order will issue.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: September 18, 2017